IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY CHANCELLOR, et al.,  }<br>  }<br>Plaintiffs, }<br>  }<br>v. }<br>  }<br>AIR LIQUIDE AMERICA CORP., et al., }<br>  }<br>  }<br>Defendants. } | Case No.: 2:04-CV-3102-RDP |

### MEMORANDUM OPINION

Pending before the court are the following motions to dismiss:

(1)   Mine Safety Appliances Company ("MSA")'s Motion to Dismiss and Motion to Strike (Doc. # 119) filed on March 9, 2005;

(2)   E.D. Bullard Company's ("Bullard") Motion to Dismiss (Doc. # 120) filed March 9, 2005;

(3)   General Electric's ("GE") Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 121) filed on March 10, 2005;

(4)   Norton Company (Safety Products Division-USA Norton Company)'s ("Norton") Motion to Dismiss (Doc. # 122) filed on March 10, 2005;

(5)   Bacou- Dalloz Safety Inc.'s ("Bacou-Dalloz") Motion to Dismiss and Joinder in and Adoption of Argument (Doc. # 123) filed March 11, 2005;

(6)   Sly, Inc.'s ("Sly") Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 125) filed March 11, 2005;

(7)   Louis M Gerson Inc.'s ("Gerson") Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. # 130) filed March 15, 2005;

(8)   Eastern Safety Equipment Company, Inc.'s ("Eastern") Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 132) filed March 17, 2005;

(9)   Bucyrus International Inc.'s ("Bucyrus") Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 133) filed March 18, 2005;

(10) Moldex-Metric Inc.'s ("Moldex-Metric") Motion to Dismiss As to Claims of Plaintiff Sidney Chancellor (Doc. # 134) filed March 18, 2005; and

(11) Plaintiffs' Motion to Dismiss Defendant General Electric (Doc. # 138) filed March 18, 2005.

Pursuant to the court's Initial Order entered on January 6, 2005 (Doc. # 53), any opposition briefs to the above-referenced motions were due seven calendar days after the filing of each motion to dismiss. Thus, if Plaintiffs intended to file opposition briefs to the pending motions, they were due on various dates ranging from March 16, 2005 to March 25, 2005. As of the date of entry of this order and opinion, the court had not received any opposition from Plaintiffs to the motions.[1]

The motions to dismiss challenge the Amended Complaint filed by Plaintiffs on February 28, 2005. (Doc. # 115). It is not insignificant that Plaintiffs' February 2005 Amended Complaint is the third complaint Plaintiffs have filed in this court asserting substantially the same allegations.[2] On August 27, 2004, Plaintiffs filed an initial complaint against Defendants in this court which was dismissed by Judge Karon O. Bowdre for failure to provide Defendants with notice of the claims against them. (CV-04-BE-2554-S). On October 28, 2004, Plaintiffs filed a second complaint against Defendants which was given the case number CV-04-P-3102-S and eventually assigned to the undersigned. (Doc. # 1). After receiving numerous motions to dismiss and motions for more

---

[1] Plaintiffs did respond to Defendant GE's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 121) filed on March 10, 2005, by moving on March 18, 2005 to dismiss that Defendant (Doc. # 138). Accordingly, the court will grant Plaintiffs' motion to dismiss GE and moot GE's motion to dismiss.

[2] Before filing in federal court, Plaintiffs also filed individual lawsuits in state court against the Defendants in this case; both of those cases were dismissed without prejudice. Plaintiff Chancellor filed a complaint in the Circuit Court of Jefferson County on January 5, 2004. (CV-04-0043). Plaintiff Parker filed a complaint in the Circuit Court of Walker County on January 9, 2004. (CV-04-0005).

definite statement, this court ordered Plaintiffs to replead their complaint in accordance with the following specific mandates:

    (1)    properly allege a basis for diversity jurisdiction;

    (2)    include all proper parties in the caption in accordance with Rule 10(a);

    (3)    include a separate count for each cause of action that specifically delineates which claims are asserted against which Defendant;

    (4)    assert a proper factual basis for each claim with sufficient detail to put Defendants on notice of the claims against them (*e.g.*, identity of product(s), purchaser(s) or other user(s) of product(s), time frame of alleged exposure(s), location(s)/employer(s) where exposure(s) occurred, contours and alleged recipient(s) of warranties, and product(s) to which warranties applied);

    (5)    plead with particularity any fraud claims in accordance with Rule 9(b) (*e.g.*, identity of purchaser(s) and any other party to whom representation(s) was made, time frame when alleged representation(s) was made, and identity of person(s) who allegedly made representation(s)); and

    (6)    ensure that each claim pled has a proper legal basis.

(Doc. # 109). Plaintiffs' February 28, 2005 "Amended Complaint" was filed in response to the court's order. (Doc. # 115).

## I.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving

party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

**II.     Discussion**

Many of the pending motions to dismiss focus on the same provisions of the Amended Complaint. Accordingly, the court first will address those motions that can be categorized according to the basis for requested dismissal.

    **A.     Paragraph 55 of the Amended Complaint**

Three Defendants – MSA, Bullard, and Sly – have moved to dismiss the claims alleged against them in ¶ 55 of the Amended Complaint.[3] (Docs. # 119, 120, 125). Paragraph 55 constitutes the only allegations in the Amended Complaint against Bullard and Sly. The Amended Complaint makes other allegations against Defendant MSA, which are addressed in Section II.C. of this opinion, *infra*.

---

[3] Although ¶ 55 also makes claims against named Defendant Pangborn Corporation, the docket sheet does not reflect service on, nor an appearance by, that Defendant.

>Paragraph 55 provides:
>
>Plaintiffs do recall the use of certain blasting abrasive helmets used at Kellerman Mine and Alabama By-Products later the Drummond Coal Company. Although these helmets appeared to be of the kind manufactured by named Defendants E.D. Bullard, Mine Safety Appliances, Pangborn Company and Sly, Inc.[,] Plaintiffs are unable to identify a specific product by manufacturer of the blasting abrasive helmets used by them without further information obtained in initial disclosures or during the discovery process.

(Doc. # 115, ¶ 55). The court finds that ¶ 55 fails to state a claim upon which relief can be granted. Plaintiffs have not alleged a theory of liability (*e.g.*, negligence, failure to warn), nor have they claimed that they used or were injured by a product manufactured by these Defendants. In fact, Plaintiffs admittedly cannot identify the Defendants as the manufacturers of the product allegedly used by them; Plaintiffs merely state that "blasting abrasive helmets . . . appeared to be the kind" manufactured by Defendants.[4]

The allegations contained in ¶ 55 are insufficient to state a claim under Rule 12(b)(6) and because they are the only allegations levied against Defendants Sly and Bullard, those Defendants are due to be dismissed. Furthermore, because Plaintiffs have now had several opportunities to properly plead a claim against these Defendants, Sly and Bullard are due to be dismissed with prejudice. *Welch v. Laney,* 57 F.3d 1004, 1009 (11th Cir. 1995) (holding that district court properly dismissed plaintiff's complaint with prejudice where plaintiff had been permitted to amend complaint twice yet still failed to state a claim); *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir.1985) (same).

---

[4] Defendant MSA also points out that, although Plaintiffs have filed several complaints in state and federal court articulating their claims that they have suffered silicosis and mixed dust disease because of Defendants' actions, ¶ 55 of the February 28, 2005 Amended Complaint is the first reference in this litigation to helmets. (Doc. # 119, at 3).

5

With respect to Defendant MSA, against whom other allegations are made in the Amended Complaint, the claims made in ¶ 55 are due to be stricken from the Amended Complaint.

### B.     Paragraph 123 of the Amended Complaint

Three Defendants – Norton, Gerson, and Eastern – have moved to dismiss the claims alleged against them in ¶ 123 of the Amended Complaint.[5] (Docs. # 122, 130, 132). Paragraph 123 constitutes the only allegations in the Amended Complaint against these three Defendants.

Paragraph 123 provides: "*Eastern Safety Equipment, Louis M. Gerson, Norton Company, Pulmosan.* Plaintiffs are unable to identify other specific respirators, masks or hoods manufactured by the above Defendants without further information obtained in initial disclosures or during the discovery process." (Doc. # 115, at ¶ 123). The court finds that ¶ 123 also fails to state a claim upon which relief can be granted. Just as with ¶ 55, Plaintiffs have not alleged a theory of liability (*e.g.*, negligence, failure to warn), nor have they claimed that they used or were injured by a product manufactured by these Defendants. In fact, Plaintiffs admittedly cannot identify the Defendants as the manufacturers of any of the products allegedly used by them. Accordingly, the allegations contained in ¶ 123 also are insufficient to state a claim under Rule 12(b)(6). Because they are the only allegations levied against Defendants Eastern, Gerson, and Norton, those Defendants are due to be dismissed with prejudice.

### C.     Allegations Against MSA and Bacou-Dalloz

Although allegations against MSA and Bacou-Dalloz are found in different portions of the Amended Complaint, they both move to dismiss on the basis that Plaintiffs have failed to state the

---

[5]Although ¶ 123 also makes claims against named Defendant Pulmosan Safety Equipment Corporation, the docket sheet does not reflect service on, nor an appearance by, that Defendant.

following claims against them: (1) strict liability under Alabama law (MSA ¶ 93; Bacou-Dalloz ¶ 82); (2) breach of implied warranty (MSA ¶¶ 95-96; Bacou-Dalloz ¶¶ 84-85); and (3) misrepresentation/fraud (MSA ¶¶ 97-100; Bacou-Dalloz ¶¶ 86-89). The court has reviewed the above-referenced allegations and has "accept[ed] all well-pleaded factual allegations in the complaint as true and construe[d] the facts in a light most favorable to the non-moving party." *Dacosta*, 304 F.3d at 1047. Having done so, the court cannot conclude that, beyond a doubt, Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Conley*, 355 U.S. at 45-46. Accordingly, the motions to dismiss filed by MSA and Bacou-Dalloz are due to be denied as they relate to the above-referenced allegations.[6]

### D.    Allegations Against Bucyrus

Defendant Bucyrus has moved for dismissal based on the following allegations of the Amended Complaint: (1) ¶¶ 18-19 on the grounds that they fail to allege causation and (b) ¶¶ 25-27 on the grounds that they do not allege the recipients of the warranties or the products to which these warranties apply. Having reviewed the allegations in light of the Rule 12(b)(6) standard articulated above, the court cannot conclude that, beyond a doubt, Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief against Defendant Bucyrus. *Conley*, 355 U.S. at 45-46. Accordingly, Bucyrus' motion to dismiss is due to be denied.

### E.    Allegations Against Moldex-Metric

Defendant Moldex-Metric has moved to dismiss only those claims brought by Plaintiff Chancellor on the basis that the Amended Complaint fails to allege specific claims against Moldex-

---

[6]This is not to say that all of the legal arguments advanced by MSA and Bacou-Dalloz are in error – they are not. However, the court cannot say with certainty that Plaintiffs can prove no set of facts that would establish relief against these Defendants.

Metric on Chancellor's behalf. A review of the Amended Complaint reveals that, although Plaintiffs use the generic term "Plaintiffs" when making allegations against Moldex-Metric, only Plaintiff Parker alleges that he used a mask manufactured by Moldex-Metric. (Amended Complaint, ¶ 101). Accordingly, the court finds that, pursuant to Rule 12(b)(6), Plaintiff Chancellor has failed to assert a claim against Moldex-Metric upon which relief can be granted. Moldex-Metric's motion to dismiss is therefore due to be granted, and Plaintiff Chancellor's claims against Moldex-Metric will be dismissed with prejudice.

### III.  Conclusion

For the reasons outlined above, the court finds that the motions to dismiss filed by Plaintiffs and Defendants Bullard, Sly, Norton, Gerson, Eastern, and Moldex-Metric are due to be granted. The motions to dismiss filed by Defendants Bacou-Dalloz and Bucyrus are due to be denied. The motion to dismiss filed by Defendant MSA is due to be granted, in part, and denied, in part. Defendant GE's motion to dismiss is moot. A separate order will be entered.

**DONE** and **ORDERED** this ___29th___ day of March, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE