IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SIDNEY CHANCELLOR, et al.,

    Plaintiffs,

v.

    Case No.: 2:04-CV-3102-RDP

AIR LIQUIDE AMERICA CORP., et al.,

    Defendants.

## MEMORANDUM OPINION

Pending before the court is Defendant Viacom, Inc.'s[1] Motion to Dismiss or in the Alternative Motion for Judgment on the Pleadings. (Doc. #142). Plaintiffs have opposed Viacom's motion (Doc. #146) and Viacom has filed a reply brief in further support of the motion. (Doc. #147).

Viacom's motion to dismiss challenges the Amended Complaint filed by Plaintiffs on February 28, 2005. (Doc. # 115). Plaintiffs' February 2005 Amended Complaint is the third complaint Plaintiffs have filed in this court asserting substantially the same allegations.[2] On August 27, 2004, Plaintiffs filed an initial complaint against Defendants in this court which was dismissed by Judge Karon O. Bowdre for failure to provide Defendants with notice of the claims against them. (CV-04-BE-2554-S). On October 28, 2004, Plaintiffs filed a second complaint against Defendants which was given the case number CV-04-P-3102-S and eventually assigned to the undersigned.

---

[1] Viacom, Inc. admits that it is the successor to Westinghouse Electric Corporation.

[2] Before filing in federal court, Plaintiffs also filed individual lawsuits in state court against the Defendants in this case; both of those cases were dismissed without prejudice. Plaintiff Chancellor filed a complaint in the Circuit Court of Jefferson County on January 5, 2004. (CV-04-0043). Plaintiff Parker filed a complaint in the Circuit Court of Walker County on January 9, 2004. (CV-04-0005).

(Doc. # 1). After receiving numerous motions to dismiss and motions for more definite statement, this court ordered Plaintiffs to replead their complaint in accordance with the following specific mandates:

    (1)    properly allege a basis for diversity jurisdiction;

    (2)    include all proper parties in the caption in accordance with Rule 10(a);

    (3)    include a separate count for each cause of action that specifically delineates which claims are asserted against which Defendant;

    (4)    assert a proper factual basis for each claim with sufficient detail to put Defendants on notice of the claims against them (*e.g.*, identity of product(s), purchaser(s) or other user(s) of product(s), time frame of alleged exposure(s), location(s)/employer(s) where exposure(s) occurred, contours and alleged recipient(s) of warranties, and product(s) to which warranties applied);

    (5)    plead with particularity any fraud claims in accordance with Rule 9(b) (*e.g.*, identity of purchaser(s) and any other party to whom representation(s) was made, time frame when alleged representation(s) was made, and identity of person(s) who allegedly made representation(s)); and

    (6)    ensure that each claim pled has a proper legal basis.

(Doc. # 109). Plaintiffs' February 28, 2005 "Amended Complaint" was filed in response to the court's order. (Doc. # 115).

## I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

## II. Discussion

The only paragraph of Plaintiffs' Amended Complaint that makes reference to Westinghouse Electric Corporation is paragraph 125. It states as follows:

<u>General Electric Corporation and<br>Westinghouse Electric Corporation</u>

> 125. Plaintiffs are unable to identify a manufacturer of the ventilation system used at their worksites without further information obtained in Initial Disclosures or during the discovery process.

The court finds that ¶ 125 fails to state a claim upon which relief can be granted. Plaintiffs have not alleged any theory of liability (*e.g.*, negligence, failure to warn), nor have they claimed that they used or were injured by a product manufactured by Westinghouse. In fact, Plaintiffs admittedly cannot identify Westinghouse as the manufacturer of any product allegedly used by them.

The allegations contained in ¶ 125 are insufficient to state a claim under Rule 12(b)(6) and because they are the only allegations levied against Westinghouse, its successor, Viacom, is due to be dismissed. Furthermore, because Plaintiffs have now had several opportunities to properly plead a claim against Westinghouse, Viacom, is due to be dismissed with prejudice. *Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995) (holding that district court properly dismissed plaintiff's complaint with prejudice where plaintiff had been permitted to amend complaint twice yet still failed to state a claim); *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir.1985) (same). Such haphazard pleading leaves Viacom with no meaningful understanding of what claims are, in fact, being asserted against Westinghouse and, therefore, it cannot appropriately respond.

> Even under the so-called notice rules of pleading, the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, for "[i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) (*citing* 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13 (2nd ed. 1984).

In addition, as Viacom correctly points out, Plaintiffs have not properly incorporated the language from ¶ 12 of their original Complaint into their Amended Complaint. But even if they had, these allegations, taken together, still fail to meet Plaintiffs' low burden to survive a Rule 12(b)(6) motion. That is, the allegations, even when taken together, do not state facts which might give rise to a theory of liability against Westinghouse or a claim that Plaintiffs were injured by a product manufactured by Westinghouse.

As the Eleventh Circuit has instructed, district courts are to intervene at the earliest opportunity to require that a complaint be re-pleaded in accordance with the Federal Rules of Civil Procedure. *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991). Once a district court has ordered re-pleading of a complaint, an action may be dismissed if a deficiently amended complaint is filed thereafter. *Id.*

Finally, Plaintiffs' assertion that they need to conduct discovery in order to formulate a cause of action against Westinghouse (*see* Plaintiffs' Amended Complaint, ¶ 125) is simply off the mark. A post-complaint investigation to determine whether or not a plaintiff may have a claim against a defendant is not a proper use of the discovery process. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-69 (11th Cir. 1997). Indeed, motions that challenge the legal sufficiency of the plaintiff's pleadings are properly addressed before the parties engage in discovery. *Id.* at 1366-69. Addressing the question of whether a plaintiff was entitled to discovery in the face of a motion to dismiss for failure to state a claim, the Eleventh Circuit has stated:

> Resolution of a pretrial motion that turns on findings of fact–for example, a motion to dismiss for lack of personal jurisdiction pursuant to FED.R.CIV.P. 12(b)(2)–may require some limited discovery before a meaningful ruling can be made. Facial challenges to the legal sufficiently of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. *See Mitchell v. Duvall County Sch. Bd.*, 107 F.3d 837, n.1 (11th Cir. 1997) (per curiam). Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion. *See Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

*Id.* at 1367 (footnotes omitted) (emphasis added) (in a products liability action, finding that district

court abused its discretion by failing to dismiss the action pursuant to Rule 12(b)(6) for failure to state a claim and subsequently compelling discovery on plaintiffs' fraud claim). The Eleventh Circuit reasoned that engaging in discovery imposes unnecessary costs on the party from whom discovery is sought, on the party seeking discovery, as well as on the judicial system. *Id.* at 1367-68. Indeed, the court specifically stated that:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

*Id.* at 1368. Even taking Plaintiffs' allegations regarding Westinghouse as true, Plaintiffs have failed to state a claim upon which relief may be granted and they are not entitled to conduct discovery in an attempt to cure that defect.

### III. Conclusion

For the reasons outlined above, the court finds that the motion to dismiss filed by Viacom is due to be granted. A separate order will be entered.

**DONE** and **ORDERED** this ___28th___ day of April, 2005.

R⊙R

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE