# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SIDNEY CHANCELLOR, et al., | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| v. | } | **Case No.: 2:04-CV-3102-RDP** |
| | } | |
| AIR LIQUIDE AMERICA CORP., et al., | } | |
| | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

Pending before the court is Defendant 3M's Initial Motion for Judgment on the Pleadings (Doc. #151).  Plaintiffs have not filed any formal opposition to 3M's motion.

**I.     Introduction**

3M's motion essentially asserts that under any set of facts Plaintiffs' claims are barred by the applicable statutes of limitation.

An Amended Complaint was filed by Plaintiffs on February 28, 2005.  (Doc. # 115). Plaintiffs' February 2005 Amended Complaint is the third complaint Plaintiffs have filed in this court asserting substantially the same allegations.[1]  On August 27, 2004, Plaintiffs filed an initial complaint (hereinafter "Original Complaint") against Defendants in this court which was dismissed by Judge Karon O. Bowdre for failure to provide Defendants with notice of the claims against them. (CV-04-BE-2554-S).  On October 28, 2004, Plaintiffs filed a second complaint against Defendants

---

[1] Before filing in federal court, Plaintiffs also filed individual lawsuits in state court against the Defendants in this case; both of those cases were dismissed without prejudice.  Plaintiff Chancellor filed a complaint in the Circuit Court of Jefferson County on January 5, 2004.  (CV-04-0043).  Plaintiff Parker filed a complaint in the Circuit Court of Walker County on January 9, 2004. (CV-04-0005).

which was given the case number CV-04-P-3102-S and eventually assigned to the undersigned. (Doc. # 1). After receiving numerous motions to dismiss and motions for more definite statement, this court ordered Plaintiffs to replead their complaint in accordance with the following specific mandates:

    (1)    properly allege a basis for diversity jurisdiction;

    (2)    include all proper parties in the caption in accordance with Rule 10(a);

    (3)    include a separate count for each cause of action that specifically delineates which claims are asserted against which Defendant;

    (4)    **assert a proper factual basis for each claim with sufficient detail to put Defendants on notice** of the claims against them (*e.g.*, identity of product(s), purchaser(s) or other user(s) of product(s), **time frame of alleged exposure(s)**, location(s)/employer(s) where exposure(s) occurred, contours and alleged recipient(s) of warranties, and product(s) to which warranties applied);

    (5)    **plead with particularity any fraud claims in accordance with Rule 9(b) (*e.g.*, identity of purchaser(s) and any other party to whom representation(s) was made, time frame when alleged representation(s) was made, and identity of person(s) who allegedly made representation(s))**; and

    (6)    ensure that each claim pled has a proper legal basis.

(Doc. # 109) (emphasis added). Plaintiffs' February 28, 2005 Amended Complaint was filed in response to the court's order. (Doc. # 115).

## II.    Standard of Review

Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d. 1367 (11th Cir. 1998)(affirming defendant's motion for judgment on the pleadings). The court must accept the facts as true and view them in the light most favorable to the

non-moving party. *Id.* The complaint may not be dismissed unless it appears beyond a doubt that the Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Id.*

When a motion brought pursuant to Federal Rule 12(c) raises a defense under Rule 12(b)(6), the court applies the standard for deciding a motion to dismiss pursuant to the latter rule. *Ross v. State of Alabama*, 893 F.Supp. 1545 (M.D. Ala. 1995)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "When ruling on a motion to dismiss for failure to state a claim, the court must assume the factual allegations to be true. … Assuming that the facts are true, a complaint may be dismissed under Rule 12(b)(6) only 'if it is clear that no relief could be granted' under any set of facts that could be proved consistent with the allegations." *Ross*, 893 F.Supp. at 1547 (emphasis added).

## III.   Plaintiffs' Factual Allegations and Claims

In Plaintiffs' Amended Complaint, they allege that they were required to work in an atmosphere of heavy dust containing free silica and/or mixed dust. (Plaintiffs' Amended Complaint, ¶¶1, 2, 8, 9, and 56). Plaintiffs further allege that they used 3M masks in the course of their employment, during the time periods from 1972 to 1987, and 1974 to 1994. (Plaintiffs' Amended Complaint, ¶112). They also contend that they have suffered physical injuries as a result of the failure of 3M's masks to protect Plaintiffs from respirable free silica and/or mixed dust. (Plaintiffs' Amended Complaint, ¶¶112-122).

Plaintiffs' claims sound in products liability and challenge 3M's design, manufacture and marketing of its masks. They seek to assert their claims under multiple theories of negligence, the Alabama's Extended Liability Manufacturers Doctrine (hereinafter the "AEMLD"), and implied

3

warranty theories.[2]  (Plaintiffs' Amended Complaint, ¶¶112 to 122).  However, regardless of how Plaintiffs' claims are denominated, Plaintiffs' claims are time-barred and 3M is entitled to judgment on the pleadings.

**IV.    Discussion**

The thrust of Plaintiffs' claims is that they have suffered personal physical injuries.  Those claims fall squarely under the purview of Ala. Code §6-2-38(l), which states that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Ala. Code §6-2-38(l).  Alabama law is clear:  the two-year statute of limitations found in §6-2-38(l) applies to products liability actions.  *Etheredge v. Genie Industries, Inc.*, 632 So.2d 1324 (Ala. 1994); *Denton v. Sam Blount, Inc.*, 669 So.2d 951 (Ala. Civ. App. 1995).  Therefore, as §6-2-38(l) provides a two-year statute of limitations for Plaintiffs' physical injury claims, Plaintiffs' claims must have accrued within the two (2) years preceding the filing of their Original Complaint, i.e., no earlier than October 27, 2002.  However, Plaintiffs' Amended Complaint asserts unequivocally that Plaintiffs' last use of any 3M product

---

[2] One of Plaintiffs' claims alleges that 3M made representations to Plaintiffs as to 3M's masks providing adequate protection against respirable silica.  (Plaintiffs' Amended Complaint ¶¶119-122).  Regardless of Plaintiffs' characterization of the claim, the substance of the claim reveals that it should properly be viewed as a "failure to warn claim" under the AEMLD.  However, even if this claim was intended to be, or could be construed as, a claim for fraud, Plaintiffs' allegations fail to comply with the February 7, 2005 order of this court directing Plaintiffs to amend their Original Complaint to:

> plead with particularity any fraud claims in accordance with Rule 9(b) (e.g., identity of purchaser(s) and any other party to whom representation(s) was made, time frame when alleged representation(s) was made, and identity of person(s) who allegedly made representation(s)).

(Doc. #109).

occurred, at the latest, during 1994, a date well outside of the limitations period.  (Plaintiffs'
Amended Complaint, ¶112).

Plaintiffs' attempt to avoid applicability of the statute of limitations by claiming that the
"discovery rule" applies to save their claims is unavailing.[3]  Alabama law is clear that there is no
such discovery rule applicable to save Plaintiffs' silica exposure claims and Alabama courts have
repeatedly rejected the discovery rule in cases of exposure to allegedly harmful substances.  Indeed,
those courts have ruled that each plaintiff's cause of action accrued at the time of the injury, which
is the time of exposure.  *Becton v. Rhone Poulenc, Inc.*, 706 So.2d 1134 (Ala. 1997); *American
Mutual Liability Ins. Co. v. Phillips*, 491 So.2d 904, 905 (Ala. 1986); *Garrett v. Raytheon Co.*, 368
So.2d 516 (Ala. 1979)(superceded in part by §6-2-30 as to asbestos exposure claims); *see also Hillis
v. Rentokil, Inc.*, 596 So.2d 888 (Ala. 1992); *Hubbard v. Liberty Mut. Ins. Co.*, 599 So.2d 20 (Ala.
1992); *Garren v. Commercial Union Ins.*, 340 So.2d 764 (Ala. 1976).  Based on this premise,
Alabama courts have consistently held that the statute of limitations for a plaintiff's claims begins
to run on a plaintiff's last day of exposure.  *Id.*

The Supreme Court of Alabama stated this proposition clearly in *Becton v. Rhone Poulenc,
Inc.*:

> Alabama Code 1975, § 6-2-38(l), governs actions for personal injury
> not arising from a contract and not specifically enumerated in §6-2-
> 38.  Such actions must be filed within two years of the date of injury.
> For purposes of an action based on continuous exposure to a
> hazardous substance, the date of injury is the day on which the
> plaintiff was last exposed to the hazardous substance causing the

---

[3] Specifically, Plaintiffs contend that, because they suffer from an occupational illness which
has a latency period, the discovery rule applies to toll the statute of limitations on their claims until
the time at which they were diagnosed with silicosis or other respiratory illness.  (Plaintiffs'
Amended Complaint, ¶128).

> injuries. … A plaintiff's ignorance of the fact of injury, if there is no
> fraudulent concealment by the defendant, does not postpone the
> running of the limitations period.

706 So.2d 1134, 1135-36 (Ala. 1997)(rejecting application of CERCLA's discovery rule, and

holding that the plaintiff's action was time-barred because it was not filed within two years of the

date of the plaintiff's last exposure).

Just as the Supreme Court of Alabama rejected the discovery rule in *Becton*, a case involving

carbon disulfide exposure, it similarly rejected the discovery rule in a case involving exposure to

cotton fiber. *American Mutual Liability Ins. Co. v. Phillips*, 491 So.2d 904, 905 (Ala. 1986). In

*Phillips*, the Supreme Court addressed the impact of the last day of exposure rule on the plaintiff's

damages. *Phillips*, at 906. The *Phillips* court held that the defendants were entitled to an order

limiting the plaintiff's recovery to only those damages associated with exposure which fell within

the limitations period. *Id.* at 908. Because the plaintiff only alleged one (1) day of exposure during

applicable statute of limitations, the Supreme Court held that the plaintiff could recover for only that

one (1) day of exposure. *Id.* In this case, Plaintiffs' own pleadings make clear that they were not

exposed to silica for even one (1) day within the two (2) years preceding the filing of their Original

Complaint. (Plaintiffs' Amended Complaint, ¶112).[4]

Both *Becton* and *Phillips* relied on *Garrett v. Raytheon Co.*, 368 So.2d 516 (Ala.

1979)(superceded in part by §6-2-30 as to asbestos exposure claims). The *Garrett* case involved

---

[4] Even if the Court were to consider each Plaintiff's last day of employment, as opposed to
each Plaintiff's last day of exposure allegedly associated with any 3M mask, Plaintiffs' claims would
still be time-barred. Plaintiff Chancellor concedes that his last day of employment, and hence last
exposure, was in 1998. (Plaintiffs' Amended Complaint, ¶1). Similarly, Plaintiff Parker concedes
his last day of employment, and hence his last day of exposure, was in 1992. (Plaintiffs' Amended
Complaint, ¶2).

products liability claims for exposure to radiation.  *Garrett*, 368 So.2d at 518.  However, the Supreme Court of Alabama concluded that Garrett's injuries occurred at the time of his exposure to radiation; therefore, the statute of limitations for Garrett's claims began to run on his last date of his exposure to radiation.  *Id.* at 521.  Consequently, the Supreme Court concluded that Garrett's claims were time-barred.  *Id.*

The Supreme Court of Alabama has similarly applied the "last day of exposure" accrual rule under §6-2-38(g) where employees had previously filed for workmen's compensation benefits and subsequently brought suit against third-parties, such as product manufacturers.  *Hillis v. Rentokil, Inc.*, 596 So.2d 888 (Ala. 1992)(holding that, in context of "chromated copper arsenate" exposure, plaintiff's claims accrued on the date of injury, which was the plaintiff's last day of exposure); *Hubbard v. Liberty Mut. Ins. Co.*, 599 So.2d 20 (Ala. 1992)(holding that, in context of "tungsten-cobalt" exposure, plaintiff's claims accrued on the date of injury, which was the plaintiff's last day of exposure); *Garren v. Commercial Union Ins.*, 340 So.2d 764 (Ala. 1976)(holding that, in context of "dust and lint" exposure, plaintiff's claims accrued on the date of injury, which was the plaintiff's last day of exposure).

Despite Plaintiffs' contention otherwise, no "discovery rule" exists to save Plaintiffs' claims for exposure to silica.[5]  Because Plaintiffs' Amended Complaint unequivocally states that Plaintiffs'

---

[5] Moreover, the Alabama Legislature's creation of a statutory discovery rule to protect latent asbestos claims illustrates the state of the common law applicable to non-asbestos claims—there is no discovery rule other than that legislatively created for asbestos claims.  Prior to the enactment of §6-2-30, there was no "discovery rule" applicable to claims for injuries resulting from asbestos exposure.  In 1980, the Legislature, recognizing the state of the law, enacted §6-2-30 which states that an action resulting "from exposure to asbestos, including asbestos-containing products, shall be deemed to accrue on the first date the injured party, through reasonable diligence, should have reason to discover the injury giving rise to such civil action."  Ala. Code §6-2-30.  Under §6-2-30, claims for exposure prior to the effective date of the statute were time-barred, but claims for exposure

last use of a 3M mask was in 1994, and because Plaintiffs did not file their Original Complaint until 2004, the two-year statute of limitations precludes Plaintiffs' negligence and AEMLD claims, and 3M is entitled to judgment on the pleadings.

Plaintiffs also assert claims for damages for personal injuries for breach of implied warranties of merchantability or fitness for a particular purpose. (Plaintiffs' Amended Complaint ¶¶117-118). However, even assuming Plaintiffs could assert such claims, Alabama law provides that an implied warranty claim must be brought within four (4) years of accrual of the cause of action. Ala. Code §7-2-725. Section 7-2-725 states that "an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." Ala. Code §7-2-725(1). Therefore, in order for Plaintiffs to maintain their implied warranty claims in the instant action, their claims must have accrued no earlier than October 28, 2000. Because Plaintiffs' Amended Complaint specifically alleges that their last use of any 3M product was in 1994, and because Plaintiffs did not file their Original Complaint until 2004, Plaintiffs' implied warranty claims are barred as they accrued more than four (4) years prior to the filing of their Original Complaint.

Section 7-2-725 is equally clear as to the accrual of Plaintiffs' implied warranty claims -- there is no discovery rule applicable to Plaintiffs' implied warranty claims. "A cause of action [for breach of warranty] accrues when the breach occurs, regardless of the aggrieved party's lack of

---

following the effective date of the statute were maintainable. *Johnson v. Garlock*, 682 So.2d 25 (Ala. 1996). Section 6-2-30 was narrowly drafted, however, to include only claims based on exposure to asbestos, thus lending no assistance to claims based on exposure to any other substance. *Tyson v. Johns-Manville Sales Corp.*, 399 So.2d 263 (Ala. 1981)(superceded in part by §6-2-30 as to asbestos exposure claims)(holding that "Although Act No. 80-566 [codified as §6-2-30] does benefit persons injured by exposure to asbestos **as opposed to those injured by other latent or insidious agents**, the legislature's approach is supportable under precedent." *Id.* at 272)(emphasis added)).

8

knowledge of the breach."  Ala. Code §7-2-725(2).  Therefore, there is no discovery rule available to Plaintiffs to save their implied warranty claims.

**V.     Conclusion**

For the reasons outlined above, the court finds that the motion for judgment on the pleadings filed by 3M is due to be granted.  Finally, for the reasons already stated by the court in a previous order, given the multiple opportunities for Plaintiffs to state claims against 3M and other Defendants in this case, the court's dismissal of the claims herein is with prejudice.  A separate order will be entered.

**DONE** and **ORDERED** this ____7th____ day of June, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE